IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LECENT AUGUSTUS GRANT § | |
| § | |
| Movant, § | |
| v. § | CIVIL NO. 1:14-CV-91 |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. | |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action filed October 28, 2014. Dkt. No. 22. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is **ADOPTED** with modifications set forth in the attached document.[1]

The Court has reviewed Grant's self-styled Motion in an Affidavit Form Requesting this Honorable Court to Appoint Counsel, Dkt. No. 47. Grant makes no new allegations in this motion that would arguably entitle him to relief from the criminal judgment he attacks here. *See id.* Instead, construed liberally, Grant asks the Court to appoint counsel to assist him in pending removal proceedings. *See id.* at 3 (arguing that Grant faces persecution if he is removed to Jamaica). Because removal proceedings in immigration court are classified as civil, Grant has the right to "have counsel represent him [in those proceedings], but not to have one appointed for him at government expense." *United States v. Medard,* No. 3:06-CR-120-L, 2007 WL 507044, at *3 (N.D. Tex. Feb. 16, 2007) (citing 8 U.S.C. § 1362 and *Paul v. United States Immigration and Naturalization Service*, 521 F.2d 194, 197 (5th Cir. 1975)).

---

[1] The sole modification to the instant report of the magistrate judge can be found in the last sentence of the second full paragraph on page thirteen.

Further, the Court, on its own motion, denies Applicant a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's to deny [a certificate of appealability] sua sponte."). Federal law provides that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B) (2012). For the reasons stated in the report and recommendation now before the Court, *see* Dkt. No. 22 at 16, the Court concludes that jurists of reason could not reasonably debate this Court's determination that it lacks jurisdiction over Lecent Augustus Grant's ("Grant") application for relief under § 2255 because he is not in custody pursuant to the judgment he challenges, and these issues do not deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) ("[A] substantial showing of the denial of a right includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"). The denial of a certificate of appeablility does not prejudice Grant's ability to appeal the dismissal of that portion of this action which the Court has construed liberally as a petition for a writ of corum nobis. *See* Dkt. No. 22 at 9; *see e.g. United States v. Few*, 372 F. App'x 564, 565 (5th Cir. 2010) (per curiam, unpublished) (citations omitted). Therefore, a certificate of appealability is denied.

It is, therefore, **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Grant's Application under 28 U.S.C. § 2255 is **DENIED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.
2. Grant's application liberally construed as a petition for a writ of corum nobis is **DENIED WITH PREJDUICE**;
3. the Government's Motion to Dismiss is **DENIED** as moot;
4. Grant's Motion in an Affidavit Form Requesting this Honorable Court to Appoint Counsel is **DENIED**; and

5. all other relief requested by the parties is **DENIED**.

SIGNED this 12th day of June, 2015.

                                        Hilda Tagle
                                        Senior United States District Judge